<pre>
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND
                         BALTIMORE DIVISION
</pre>

_____X

                                           **Case No. WDQ 09-CV-1200**

**Agora Financial, LLC, Oxford Club, LLC,**
**Taipan Publishing Group, LLC, Stansberry**
**and Associates Investment Research, LLC and**
**Sovereign Offshore Services, LLC**

          **Plaintiffs,**

   v.

**Martin Samler**

          **Defendant.**
_____X

**POST-HEARING SUPPLEMENTAL MEMORANDUM OF LAW OF PLAINTIFFS SUPPORTING PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT**

      This memorandum covers the 2 points discussed at the May 4, 2010 hearing and also addresses the Court's letter of May 5, 2010.

**1. Investigative Fees**

      Plaintiffs read <u>People for the Ethical Treatment of Animals v. Doughney</u>, 263 F. 3d 359, 370-71 (4th Cir. 2001) to hold that the meaning of the word, "costs," in 15 U.S.C. §1117 is no broader than it is in 28 U.S.C. §1920. Under the latter statute, investigator's fees are not recoverable as costs, see <u>Tyco, Int'l (US) Inc. v. John Does</u>, 2003 U. S. Dist. LEXIS 25136 at *19 (S.D. N.Y. 2003), and plaintiffs do not seek them on that basis. Plaintiffs are only entitled to recover their investigative fees if they recover attorney's fees under §1117 and investigator's fees are an adjunct to attorney's fees.

Plaintiff's have found no Fourth Circuit case discussing investigator's fees under §1117 and have found only one District Court case in this Circuit addressing the issue. See Shell Trademark Mgt BV v. Ray Thomas Petroleum, Inc., 2009 U.S. Dist. Lexis 59646 at *17 (W.D. N.C. 2009). That case awards investigative fees under §1117, but it is of limited value as a precedent, since they were part of an earlier settlement. The uniform authority elsewhere, however, allows recovery of investigator's fees as part of attorney's fees to a party who has received an attorney's fee award under §1117. See, e.g., Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 539 (D. N.J. 2008) ("Investigative charges are also recoverable under the Lanham Act, Louis Vuitton SA v. Downtown Luggage Ctr., 706 F. Supp. 839, 842 (S.D. Fla. 1988); see also the Joint Statement on Trademark Legislation, expressly providing that "to the extent an investigator acts under the direction of an attorney, however, his or her fees may be recovered by a prevailing plaintiff as part of an award of attorney's fees. 130 Cong. Rec. H12083 (1984)."); Louis Vuitton Malletier, SA v. Ly USA, 2008 U. S. Dist. LEXIS 107592 at *8 (S.D. N.Y. 2008); Chanel, Inc. v. Doan, 2007 U. S. Dist. LEXIS 22691at *19-20 (N. D. Cal. 2007); Ford Motor Co. v. B & H Supply, Inc., 2 U. S. P. Q. 2d (BNA) 1870, 1987 U. S. Dist. LEXIS 14939 at *16-17 (D. Minn. 1987)[1] (" The court similarly rejects defendants' general objection to the recovery of investigative costs, finding that reasonable investigation fees may be recovered under either the Copyright Act or the Lanham Act, 17 U. S. C. §505 and 15 U. S.C. §1117. The record as a whole, including the trial testimony, supports a conclusion that the investigative costs were necessary in

---

[1] In this case, the court apportioned attorneys fees but, when the defendants sought to have investigative fees apportioned, the court refused to do so, stating that the investigative fees "would have been incurred even if Ford had not pursued its civil RICO claim [on which it did not prevail] or its claims against the other defendants." Plaintiffs believe the investigative cases should not be apportioned in this case for the same reason.

2

Ford's prosecution of its claim against the defendants. Moreover, such costs appear reasonable under the circumstances."). In each of the cited cases, the Court made an inquiry into the reasonableness of the investigative work as part of the attorney's effort. In our case, most of the investigator's effort is laid out in the affidavits supporting Plaintiffs' Motion for Alternative Service, and plaintiffs believe that all of Mr. Roche's work was more than necessary, given the defendant's elusiveness.

**2. Disclaimer**

Plaintiffs believe the boilerplate, tiny print disclaimer in defendant's text is useless in light of the online publication's presentation of itself as an alternative source for the contents of portfolios prepared by the writers on its list. Plaintiffs believe the only sufficient disclaimer would be to state, in bold letters: "Tipstraders is not authorized by [the plaintiffs' writers] or their publishers, and, in fact, they have requested Tipstraders to cease and desist from publishing their recommendations. Moreover, Tipstraders has not obtained those recommendations with the consent of either, and any listed recommendations may contain errors." Plaintiffs feel that, in the absence of a clear disclaimer like the above, potential subscribers are being enticed into thinking they will get from defendant what they must pay to get from plaintiffs.

**3. Scope of Injunction**

The proposed injunction is broader than allowable for the reasons indicated in the Court's letter. Counsel copied the injunction from one of the reported cases involving injunctions in default cases, but the "or" on line 5 of the paragraph [beginning with "Accordingly"] containing the injunction portion of the proposed order should be "and." The Court cannot enjoin non-parties. We apologize for the error.

Respectfully submitted,

/S/_____
Michael E. Geltner
MD Federal bar No.10675
Geltner and Associates, PC
105 North Virginia Avenue
Falls Church, Va. 22046
Tel. 703-536-2334
Fax 703-536-2323
mgeltner@gmail.com
Attorneys for plaintiffs

/S/_____
Matthew Turner
MD Federal bar No. 22319
Agora, Inc.
14 West Mt. Vernon Place
Baltimore, MD 21202
Tel 410-783-8410
Fax 410-783-8409
mturner@agorapublishinggroup.com
Attorney for plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 14, 2010, I mailed by postage-paid first class mail a copy of plaintiffs' attached Supplemental Memorandum all attachments, exhibits and supporting papers, as well as another copy of the Motion for a Default Judgment to defendant Martin Samler at his last known address, 213A West Sanderson Street, Savannah, GA 31401-6741 and caused a copy to be emailed to samler@tipstraders.com .

_____
Michael E. Geltner